IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00239-BNB

ROMAN C. MESINA,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Roman C. Mesina, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Prison Camp at Florence, Colorado. Mr. Mesina has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Mesina is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mesina will be ordered to file an amended pleading.

The court has reviewed the application filed in this action and finds that the claims Mr. Mesina asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Mesina is not challenging the validity of his

conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Mesina complains that prison officials have violated his rights by preventing him from contacting his brokerage firm directly in order to transfer funds from his corporate account into his personal account.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Mesina raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Mesina is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each Defendant he names personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Mesina to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, the court notes that Mr. Mesina has paid the $5.00 filing fee for a habeas corpus action. However, because the court has determined that the claims Mr. Mesina is raising are not habeas corpus claims, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a). Mr. Mesina is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Mesina he will be ordered

either to pay the remaining $345.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Mesina file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Mesina, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Mesina either pay the balance of the $350.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Mesina fails within the time allowed to file an amended pleading as directed in this order and either to pay the balance of the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED February 11, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00239-BNB

Roman C. Mesina
Reg No. 74753-004
FPC - Florence
P.O. Box 5000
Florence, CO 81226-5000

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and the Prisoner Complaint** to the above-named individuals on 2/11/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk