IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00239-BNB

ROMAN C. MESINA,
Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,
Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 09 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Roman C. Mesina is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Mesina initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a decision by prison officials that prevents him from contacting his brokerage firm directly in order to transfer funds from his corporate account into his personal account. Mr. Mesina subsequently paid the $5.00 filing fee for a habeas corpus action.

On February 11, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Mesina to file an amended pleading on the Court's Prisoner Complaint form because the claims Mr. Mesina raises in the habeas corpus application are not habeas corpus claims. Magistrate Judge Boland also ordered Mr. Mesina either to pay the balance of the $350.00 filing fee for a civil action or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly filing fee payments in accordance with 28 U.S.C. § 1915(b)(2).

On February 27, 2009, Mr. Mesina filed an amended application for a writ of habeas corpus, two affidavits in support of the amended habeas corpus application, a motion for a preliminary injunction or temporary restraining order, and a letter to the Court. Mr. Mesina states in the letter to the Court that he is responding to Magistrate Judge Boland's order to file an amended pleading, that he has amended his claims so that they may be asserted in a habeas corpus action, and that he does not wish at this time to bring an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Mesina specifically states in the cover letter that:

> The only thing I would like this Court to do is review the BOP's interpretation of 28 CFR § 540.14(d)(4) and BOP Program Statement 5265.11 (July 9, 1999, at 11), and see if the BOP's decision to place me on punitive institutional mail monitoring (which my mail takes appx. 15 days to get to me, including your previous Order) and prevent me from contacting any bank is[,] and[,] or was[,] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law pursuant to the Administrative Procedures Act.

(Letter to the Court from Applicant Roman C. Mesina filed Feb. 27, 2009).

The Court must construe the papers filed by Mr. Mesina liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Mesina asserts two claims for relief in the amended application for a writ of habeas corpus. He alleges in his first claim that the BOP's restrictions on his

communications with his brokerage firm are not required by the judgment in his criminal case. Mr. Mesina alleges in his second claim, which he assert pursuant to the Administrative Procedures Act, that the BOP's restrictions on his communications with his brokerage firm are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The fact that Mr. Mesina is not asserting his claims pursuant to **Bivens** does not alter the fact that his claims are not habeas corpus claims. An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenges the execution of a prisoner's sentence. **See McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811 (10th Cir. 1997). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Section 2241 applications are not used to challenge the conditions of a prisoner's confinement. **See McIntosh**, 115 F.3d at 812.

Mr. Mesina's claims challenge the conditions of his confinement and not the execution of his sentence. Mr. Mesina does not contend that he is entitled to be released from prison or that the BOP's restrictions on his communications with his brokerage firm affect the length of his prison sentence in any way. Therefore, the Court finds that Mr. Mesina is not asserting habeas corpus claims in this action and that he must file a Prisoner Complaint if he wishes to pursue his claims. The instant action will be dismissed because Mr. Mesina has failed to file a Prisoner Complaint as directed in Magistrate Judge Boland's February 11 order. Mr. Mesina also has failed either to pay

3

the balance of the $350.00 filing fee or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 as directed by Magistrate Judge Boland in his February 11 order. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice because Applicant failed to comply with Magistrate Judge Boyd N. Boland's Order Directing Applicant to File Amended Pleading filed in this action on February 11, 2009. It is

FURTHER ORDERED that the motion for a preliminary injunction or temporary restraining order filed on February 27, 2009, is denied as moot.

DATED at Denver, Colorado, this 9 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00239-BNB

Roman C. Mesina
Reg No. 74753-004
FPC - Florence
P.O. Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/9/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk